UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACKENDY CALICE, <br><br> Petitioner, <br><br> v. <br><br> UNION COUNTY, NEW JERSEY, <br><br> Respondent. | Civil Action No. <br> 19-10197-FDS |

# ORDER

**SAYLOR, J.**

Mackendy Calice is an immigration detainee confined at the Bristol County Jail and House of Correction. Proceeding *pro se*, he has filed a one-page document in which he challenges a New Jersey conviction for an attempted burglary in 2007. For the reasons stated below, this action will be dismissed without prejudice.

Calice alleges that because he received ineffective assistance of counsel, he pleaded guilty without realizing that the conviction would likely subject him to immigration proceedings. He alleges that he was deprived of an adequate opportunity to challenge the conviction, and implies that he was subsequently ordered removed on the basis of that conviction.[1]

The mechanism for seeking federal review of a state conviction is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under that statute, a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the

---

[1] Calice has filed a separate action in which he challenges the validity of his detention by Immigration and Customs Enforcement. *See Calice v. Souza*, Civil Action No. 19-10269-DJC (D. Mass.). The respondent's motion to dismiss for lack of jurisdiction is pending. *See id.*[ECF #13].

judgment of a State court only on the ground that he is in custody in violation of [federal law]." 28 U.S.C. § 2254(a). The "in custody" language of § 2254 is jurisdictional, and requires habeas petitioners to be in custody under the conviction or sentence they attack when they file the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).

Here, there is no indication that Calice is "in custody" for purposes of § 2254. To be sure, he alleges that he is in the custody of immigration authorities, and that he was subject to removal proceedings because of the New Jersey conviction. However, it appears that his sentence on the New Jersey conviction expired some time ago. If that is the case, he is no longer "in custody" under that conviction as the term is used in § 2254, and federal judicial review of his state court conviction is not available. *See Ogunwomoju v. United States*, 512 F.3d 69, 74-75 (2d Cir. 2008) (immigration detainee ordered removed as the result of an expired criminal conviction is not "in custody" for purposes of § 2254); *Resendiz v. Kovensky*, 416 F.3d 952, 958 (9th Cir. 2005).

In any event, even if Calice is "in custody" with regard to the New Jersey conviction that he is challenging, this court is without jurisdiction over the matter. A § 2254 petition must be filed in a judicial district in the state where the petitioner's custodian is present, because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Cir. Ct. of Ken.*, 410 U.S. 484, 494–95 (1973). If Calice is on probation or otherwise "in custody" with regard to the New Jersey conviction, the proper custodian is the person or agency that continues to impose the restrictions at issue. Presumably, that person or agency is in New Jersey, and thus any § 2254 petition must be filed in the District of New Jersey.

For the foregoing reasons, the petition is DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  April 17, 2019